UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00478-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR MISCELLANEOUS RELIEF**<br><br>(Docs. 22, 23) |

On April 23, 2020, Plaintiff filed a document in which he requests (1) an extension of time to file an amended complaint; (2) the appointment of counsel; and (3) a court order directing the Fresno County Sheriff's Office to provide the full name of Defendant Diaz. (Doc. 22.) On June 22, 2020, Plaintiff filed a motion requesting that the Court subpoena Fresno County Jail to obtain the grievance forms he submitted regarding then-Sergeant (now-Lieutenant) Diaz, so that he can demonstrate that he exhausted his administrative remedies. (Doc. 23.) He also requests that the Court "subpoena" Diaz's full name. (*Id.*)

First, Plaintiff's motion for an extension of time is unnecessary. The Court already issued an order granting Plaintiff an extension of time (Doc. 18), and Plaintiff complied with that order by filing a second amended complaint on April 15, 2020 (Doc. 19). Plaintiff's request is therefore DENIED as unnecessary.

///

Second, the Court will not conduct discovery on Plaintiff's behalf, and discovery in this matter has not yet opened. If the Court issues a Discovery and Scheduling Order, Plaintiff may then serve written discovery requests directly on the attorney(s) for the opposing parties—such as interrogatories, requests for admission, and requests for production of documents—pursuant to the Federal Rules of Civil Procedure and Local Rules. Additionally, subpoenas are only necessary to obtain documents from *non*-parties. *See* Fed. R. Civ. P. 45. For these reasons, the Court DENIES Plaintiff's requests for subpoenas and a court order directing the Fresno County Sheriff's Office to provide Defendant Diaz's full name.

Third, Plaintiff does not have a constitutional right to appointed counsel in this civil action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [petitioner] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the requisite exceptional circumstances at this time. Even if it is assumed that Plaintiff has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, at this stage in the proceedings, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits, and the Court does not find that he cannot adequately articulate his claims.

///

///

///

///

1 | The Court therefore DENIES Plaintiff's request for the appointment of counsel without
2 | prejudice to refiling.

IT IS SO ORDERED.

Dated:   **June 28, 2020**              /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE