UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00478-AWI-JLT (PC)<br><br>**ORDER DENYING STAY AND GRANTING THIRD EXTENSION OF TIME TO SUBMIT SERVICE DOCUMENTS**<br><br>(Doc. 31) |

　　　　On June 28, 2020, the Court issued an order directing Plaintiff to complete "service documents" and to return them to the court. (Doc. 25.) On July 21, 2020, the Court granted Plaintiff an extension of time to submit the documents. (Doc. 28.) On August 5, 2020, the Court granted Plaintiff a second extension of time. (Doc. 30)

　　　　On September 4, 2020, Plaintiff filed a motion requesting a one-year "continu[ance]" of his case. (Doc. 31.) The Court construes Plaintiff's request as a motion for a one-year stay of this action. Plaintiff states, "I have issues related to COVID [and] release from prison like housing [and] self care [sic] that I need to address b[efore] my … case. I need more time to get a representative." (*Id.*)

　　　　"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citation omitted). When reviewing stay orders, the Ninth Circuit Court of Appeals "balance[s] the length of the stay against the strength

of the justification given for it…. If a stay is especially long or its term is indefinite, … a greater showing [is required] to justify it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (citations omitted).

Currently, no defendants have appeared in this case, and the only impending deadline is September 21, 2020, when Plaintiff must complete and return the abovementioned service documents. (Doc. 30.) The Court finds good cause to grant Plaintiff a continuance of 90 days to manage his health and post-incarceration affairs, and to search for legal counsel.

The Court, however, does not find adequate justification to stay this action for one year. Plaintiff does not explain how the "issues" related to COVID-19 or release from jail require one year to resolve. For example, Plaintiff does not state that he is experiencing ongoing COVID-19-related symptoms or that any health problems are preventing him from pursuing this case. Additionally, Plaintiff does not explain why he needs one year to search for an attorney.

Accordingly, the Court ORDERS:

1. Plaintiff's request for a one-year stay of this action is DENIED; and,
2. Plaintiff is GRANTED a third extension of time to comply with the Court's June 28, 2020 order (Doc. 25). Plaintiff SHALL complete and return the service documents attached to that order by **December 21, 2020**.

If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute.**

IT IS SO ORDERED.

   Dated:   **September 10, 2020**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

2